■ In the Matter of KRISTINE O'GRADY, Respondent, v LORNA H. McBARNETTE, as Acting Commissioner and Executive Deputy Commissioner of the New York State Department of Health, et al., Appellants. [607 NYS2d 191] —Weiss, J. Appeal, by permission, from an order of the Supreme Court (Kahn, J.), entered June 1, 1992 in Albany County, which, inter alia, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition for lack of justiciability.

This CPLR article 78 proceeding was commenced by petitioner seeking review of a determination by respondent Acquired Immune Deficiency Syndrome Institute (hereinafter AIDS Institute) which found the issuance of a press release by respondent State Department of Health (hereinafter DOH) stating petitioner had tested negative for the HIV virus did not violate article 27-F of the Public Health Law; the petition

also sought imposition of penalties upon respondents pursuant to said statute.*

Respondents' motion to dismiss the petition for lack of justiciability was denied by Supreme Court, which concluded the motion to be "frivolous and/or should be included by way of affirmative defense in respondent's *[sic]* answer". Notwithstanding the explicit provisions in the CPLR for the motion made by the Attorney-General, Supreme Court embarked upon extensive criticism of respondents and imposed sanctions and costs, the amount to be determined at an inquest.

On December 13, 1993, the day preceding the scheduled oral argument of this appeal, the attorneys for the parties executed a written stipulation of settlement and discontinuance in which petitioner agreed to withdraw her petition, to discontinue the proceeding with prejudice, and to waive costs, disbursements, sanctions and counsel fees. However, the stipulation recited that respondents, who continue to view themselves aggrieved by Supreme Court's imposition of sanctions, will ask this Court to adjudicate that part of the order. Petitioner has opposed this contention, arguing that the settlement concludes all aspects of the case. We must agree.

The parties' stipulation of settlement effectively has eliminated Supreme Court's authority to impose sanctions under 22 NYCRR part 130, which allows for the award of costs and sanctions "in any civil action or proceeding *before the court*" (22 NYCRR 130-1.1 [a] [emphasis supplied]). The parties' stipulation has removed this action from "before the court" and, consequently, there no longer is any authority for Supreme Court to act under 22 NYCRR part 130, and this appeal has become moot.

In any event, we deem it appropriate to observe that the imposition of sanctions upon respondents by Supreme Court apparently was made *sua sponte* and without the requisite notice or opportunity to be heard (22 NYCRR 130-1.1 [d]). The inquest ordered on the issue of sanctions seems addressed to the question of the amount of the sanctions to be imposed rather than the question of whether to impose any sanctions, and thus cannot satisfy the prior notice and hearing requirements. Moreover, we add that the conduct found by Supreme Court to warrant sanctions is expressly authorized by CPLR 7804 (f). We see no evidence in the record of any frivolity or

---

* Petitioner had been splashed with blood while drawing a sample from a client at her place of employment and she thereafter tested negative for HIV-related virus.

abuse of this permissible practice and thus find that Supreme Court was bereft of any basis for the imposition of sanctions.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.